ERIC HONIG (State Bar No. 140765)
erichonig@aol.com
**LAW OFFICE OF ERIC HONIG**
P.O. Box 10327
Marina del Rey, CA 90295
Telephone:  (310) 314-2603
Facsimile:  (310) 314-2793

KENNETH H. YOON (State Bar No. 198443)
kyoon@yoon-law.com
MELISSA M. COYLE (State Bar No. 232775)
mcyole@yoon-law.com
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017-3383
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

PETER M. HART (State Bar No. 198691)
hartpeter@msn.com
KIMBERLY A. WESTMORELAND (State Bar No. 2379190)
kwestmoreland.loph@gmail.com
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

Attorneys for Plaintiffs
Albert Lopez and Rene Pompa

Attorneys for Defendants listed on next page

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT LOPEZ, as an individual and RENE POMPA, as an individual, both on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A. , a national association, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO.:  CV 10-01207 JL<br><br>(Assigned to the Hon. James Larson, Ctrm. F)<br><br>**STIPULATION TO DISMISS LABOR CODE § 226.7 CLAIM FOR REST BREAK VIOLATIONS WITHOUT PREJUDICE AND FOR LEAVE TO AMEND COMPLAINT** |

STEPHEN P. SONNENBERG (CA SB# 164881; NY SB# 4431540)
stephensonnenberg@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Park Avenue Tower
75 East 55th Street
New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

MARIA A. AUDERO (SB# 210141)
mariaaudero@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
BANK OF AMERICA, N.A.,
BANK OF AMERICA CORPORATION, AND
BANC OF AMERICA INVESTMENT SERVICES, INC.

**STIPULATION**

Plaintiff Albert Lopez ("Plaintiff Albert Lopez") and Plaintiff Rene Pompa ("Plaintiff Rene Pompa") (collectively "Plaintiffs"), hereby submit this Third Amended Class Action Complaint against Defendant Bank of America, N.A., Bank of America Corporation, and Banc of America Investment Services, Inc. (hereinafter collectively referred to as "DEFENDANTS") on behalf of themselves and the Class of other similarly situated current and former employees of DEFENDANTS, as follows:

1. The case was originally filed on December 31, 2007 in the Superior Court of California, County of Alameda. On or about March 11, 2008, Plaintiffs filed a First Amended Complaint. On or about September 29, 2009, Plaintiffs lodged a Second Amended Complaint, which the Superior Court "filed on demand" on or about September 29, 2009. On March 11, 2010, Plaintiffs added Defendants Banc of America Investment Services, Inc. as Doe Defendant One, and on March 18, 2010, Plaintiffs added Bank of America Corporation as Doe Defendant Two. Defendant Bank of America Corporation timely removed the case on March 23, 2010.

2. Plaintiffs and DEFENDANTS, (collectively, the "Parties") have met and conferred and have agreed to allow Plaintiffs to file a Third Amended Complaint against DEFENDANTS. A true and correct copy of the proposed Third Amended Complaint is attached as Exhibit A.

3. Furthermore, as part of Plaintiffs' proposed Third Amended Complaint, Plaintiffs withdraw the First Claim for Violation of Labor Code § 226.7 ("Rest Break Claim") . Plaintiffs' Third Amended Complaint in effect serves as a dismissal of the Rest Break Claim without prejudice.

4. Neither Plaintiffs nor any of their counsel have received any consideration in exchange for or as part of this request for dismissal of the Rest Break Claim without prejudice. However, its dismissal is part of Plaintiffs' intent to file with the Court a Joint Motion for Preliminary Approval of Settlement in the next few weeks.

5. Plaintiffs understand, based on representations by DEFENDANTS, that there

exists at least one other action currently active in California district courts alleging a similar claim for Violation of Labor Code § 226.7 by similar classes of employees. Plaintiffs believe that it is in the best interest of the putative class to focus the claims on the class of employees harmed by the DEFENDANTS' paystub policies and practices.

6. There has been no determination of the merits of any of the claims or remedies alleged in the Second Amended Complaint and the subsequent amendments naming Banc of America Investment Services, Inc. and Bank of America Corporation as defendants.

7. There is no prejudice to the putative class because there has been no notice sent to the putative class and a class has not been certified. Putative class members have, accordingly, not relied on this lawsuit and have suffered no prejudice as to any of their rights or remedies in this lawsuit by the dismissal of the Rest Break Claim.

8. The Parties shall bear their own costs and attorneys' fees in connection with the dismissal of the Rest Break Claim.

9. Plaintiffs, based on the above, do not believe that notice needs to be sent to the putative class at this time.

10. Subject to Court approval, Plaintiffs shall file and serve their Third Amended Complaint within five (5) days of this Stipulation being granted by this Court.

11. The Answer of Defendant Bank of America, N.A. to Plaintiffs' First Amended Complaint, filed in the Superior Court for the County of Alameda on March 19, 2008, and made a part of the District Court's record through Defendant Bank of America Corporation's Notice of Removal, filed on March 23, 2010, shall be deemed to be the Answer of DEFENDANTS to Plaintiffs' Third Amended Complaint, and it will not be necessary for DEFENDANTS to file an Answer to the Third Amended Complaint.

DATED: May 6, 2010                           LAW OFFICES OF KENNETH H. YOON


By: _____/s/_____
           Kenneth H. Yoon
        Attorney for Plaintiffs
      ALBERT LOPEZ AND RENE POMPA

- 4 -
STIPULATION TO DISMISS LABOR CODE § 226.7 CLAIM FOR REST BREAK VIOLATIONS WITHOUT PREJUDICE AND FOR LEAVE TO AMEND COMPLAINT (C 10-01207 JL)

DATED: May 6, 2010                    PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____/s/_____
                Maria A. Audero
Attorney for Defendants
BANK OF AMERICA, N.A., BANK OF AMERICA
CORPORATION, AND BANC OF AMERICA
INVESTMENTS SERVICES, INC.

STIPULATION TO DISMISS LABOR CODE § 226.7 CLAIM FOR REST BREAK VIOLATIONS WITHOUT
PREJUDICE AND FOR LEAVE TO AMEND COMPLAINT (C 10-01207 JL)

| | |
|---|---|
| 1 | ERIC HONIG (State Bar No. 140765) |
| | erichonig@aol.com |
| 2 | **LAW OFFICE OF ERIC HONIG** |
| | P.O. Box 10327 |
| 3 | Marina del Rey, CA 90295 |
| | Telephone: (310) 314-2603 |
| 4 | Facsimile: (310) 314-2793 |
| 5 | KENNETH H. YOON (State Bar No. 198443) |
| | kyoon@yoon-law.com |
| 6 | MELISSA M. COYLE (State Bar No. 232775) |
| | mcyole@yoon-law.com |
| 7 | **LAW OFFICES OF KENNETH H. YOON** |
| | One Wilshire Boulevard, Suite 2200 |
| 8 | Los Angeles, California 90017-3383 |
| | Telephone: (213) 612-0988 |
| 9 | Facsimile: (213) 947-1211 |
| 10 | PETER M. HART (State Bar No. 198691) |
| | hartpeter@msn.com |
| 11 | KIMBERLY A. WESTMORELAND (State Bar No. 2379190) |
| | kwestmoreland.loph@gmail.com |
| 12 | **LAW OFFICES OF PETER M. HART** |
| | 13952 Bora Bora Way, F-320 |
| 13 | Marina Del Rey, CA 90292 |
| | Telephone: (310) 478-5789 |
| 14 | Facsimile: (509) 561-6441 |
| 15 | Attorneys for Plaintiffs |
| | Albert Lopez and Rene Pompa |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT LOPEZ, as an individual and RENE POMPA, as an individual, both on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a national association, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: CV 10-01207 JL<br><br>(Assigned to the Hon. James Larson, Ctrm. F)<br><br>**CLASS ACTION**<br><br>**THIRD AMENDED COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CALIFORNIA LABOR CODE § 226;**<br>**(2) PENALTIES PURSUANT TO CALIFORNIA LABOR CODE § 2698 et seq.;**<br>**(3) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code § 17200 et seq.).**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Albert Lopez ("Plaintiff Albert Lopez") and Plaintiff Rene Pompa ("Plaintiff Rene Pompa") (collectively "Plaintiffs"), hereby submit this Third Amended Class Action Complaint against Defendant Bank of America, N.A., Bank of America Corporation, and Banc Of America Investment Services, Inc. (hereinafter collectively referred to as "DEFENDANTS") on behalf of themselves and the Class of other similarly situated current and former employees of DEFENDANTS, as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§ 226and 2698 et seq. and California Business and Professions Code § 17200 et seq., (Unfair Practices Act).

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and California Business and Professions Code against employees of DEFENDANTS.

3. Plaintiffs are informed and believe and based thereon allege that DEFENDANTS, joint and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due.

4. Plaintiffs are informed and believe and based thereon allege that DEFENDANTS have engaged in, among other things, a system of willful violations of the California Labor Code and California Business and Professions Code by creating and maintaining policies, practices and customs that knowingly provide inaccurate itemized wage statements to employees .

5. The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and Business and Professions Code.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of California Labor Code §§ 226and 2698 et seq., and California Business and Professions Code § 17200 et seq., (Unfair Practices

# EXHIBIT A

1 Act) pursuant to Defendant Bank of America Corporation's removal under the Class Action Fairness
2 Act, 28 U.S.C. § 1332(d) ("CAFA"), and §§ 1441(a)&(b), 1446(b) & 1453(b).

3  7. This case was originally filed in the Superior Court of California, County of
4 Alameda, and was subsequently removed to the District Court for the Northern District of California
5 pursuant to CAFA.

6  8. Venue is proper because alleged wrongs occurred in Alameda County. Plaintiff
7 Albert Lopez resides within the City of Hayward which is within Alameda County and acts alleged
8 herein took place in Alameda County.

### PARTIES

10  9. Plaintiff Albert Lopez was employed by Defendant Bank of America, N.A. until
11 early 2010 and has resided within the jurisdiction of this Court in Alameda County at all relevant
12 times. Plaintiff was and is a victim of the policies, practices and customs of DEFENDANTS
13 complained of in this action in ways that have deprived him of the rights guaranteed him by California
14 Labor Code § 226 and California Business and Professions Code § 17200 et seq., (Unfair Practices
15 Act).

16  10. Plaintiff Rene Pompa was employed by Defendant Bank of America, N.A. until
17 December 2007. Plaintiff was and is a victim of the policies, practices and customs of
18 DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed
19 her by California Labor Code §§ 226 and California Business and Professions Code § 17200 et seq.,
20 (Unfair Practices Act).

21  11. Plaintiffs are informed and believe and based thereon allege that Defendant
22 Bank of America, N.A. is a national association, Bank of America Corporation is a corporation, and
23 Banc of America Investment Services, Inc. is a corporation, and each of them are, or during the
24 relevant time were, doing business in the State of California.

25  12. Plaintiffs are informed and believe and thereon allege that at all times herein
26 mentioned DEFENDANTS are and were corporations, business entities, individuals and partnerships,
27 licensed to do business and actually doing business in the State of California.

28

13. DEFENDANTS own and operate a number of retail bank branches or other operations in and/or around Alameda County and employ or have employed thousands of employees such as Plaintiffs in the state of California.

14. As such, and based upon all the facts and circumstances incident to DEFENDANTS' businesses in California, DEFENDANTS are subject to California Labor Code §§ 226 and 2698 et seq., and California Business and Professions Code § 17200 et seq., (Unfair Practices Act).

15. At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

16. Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the DEFENDANTS named herein was the joint employer, agent, employer, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture or concerted activity. To the extent said acts, conduct and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct and omissions of the acting DEFENDANTS.

17. At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

18. At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of

them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

19. <u>Definition</u>:  The named Plaintiffs bring this action on behalf of themselves and the Class pursuant to Federal Rules of Civil Procedure Rules 23(a), (b)(1), (b)(2) and (b)(3).  There consists a Class as follows:

    (a)  DEFENDANTS' employees (excluding Mortgage Loan Officers, which are those California employees of DEFENDANTS holding job code numbers SM009, SM031, SM097, SM157 and SM172 and excluding Mortgage Loan Associates, which are those California employees of DEFENDANTS holding job code number SM171) who were employed in California and received one or more wage statements during the period from December 31, 2006, through the present.

However, the Class shall not include any employees who became employees of DEFENDANTS solely as a result of the mergers between Bank of America Corporation and Countrywide or Bank of America Corporation and Merrill Lynch.

20. <u>Numerosity</u>:  The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the Class is readily ascertainable by review of DEFENDANTS' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that Class members were regularly provided inaccurate itemized wage statements.

21. <u>Adequacy of Representation</u>:  The named Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above.  Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the Class and individual Plaintiffs.  Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past, have been appointed as class counsel by California state and federal courts and currently have a number of wage-and-hour class actions pending in California state and federal courts.

22. DEFENDANTS uniformly administered a corporate policy, practice and/or custom of failing to: (a) keep for and provide to Plaintiffs and the Class accurate payroll records in

1  violation of California Labor Code § 226; and (b) engaged in Unfair Business Practices, all in
2  violation of IWC Wage Order No 4-2001.
3      23.    Plaintiffs are informed and believe and based thereon allege this corporate
4  conduct is accomplished with the advance knowledge and designed intent to willfully fail to keep and
5  provide accurate itemized wage statements to Class members.
6      24.    <u>Common Questions of Law and Fact</u>:  There are predominant common
7  questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Class
8  concerning whether DEFENDANTS failed to keep and provide accurate payroll records, a violation of
9  California Labor Code § 226.
10     25.    <u>Typicality</u>:  The claims of Plaintiffs are typical of the claims of all members of
11 the Class.  Plaintiff Lopez is a member of the Class and has suffered the alleged violations of
12 California Labor Code § 226  Plaintiff Pompa is a member of the Class and has suffered the alleged
13 violations of California Labor Code § 226.
14     26.    The California Labor Code provisions upon which Plaintiffs base their claims
15 are broadly remedial in nature.  These laws and labor standards serve an important public interest in
16 establishing minimum working conditions and standards in California.  These laws and labor standards
17 protect the average working employee from exploitation by employers who may seek to take
18 advantage of superior economic and bargaining power in setting onerous terms and conditions of
19 employment.
20     27.    The nature of this action and of the laws available to Plaintiffs and members of
21 the Class identified herein make the class action format a particularly efficient and appropriate
22 procedure to redress the wrongs alleged herein.  If each employee were required to file an individual
23 lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since they
24 would be able to exploit and overwhelm the limited resources of each individual plaintiff with their
25 vastly superior financial and legal resources.  Requiring each class member to pursue an individual
26 remedy would also discourage the assertion of lawful claims by employees who would be disinclined
27 to file an action against their former and/or current employer for real and justifiable fear of retaliation
28 and permanent damage to their careers at subsequent employment.

EXHIBIT A

1  28.  The prosecution of separate actions by the individual Class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

29.  Such a pattern, practice and uniform administration of corporate policy whereby DEFENDANTS failed to keep and provide accurate itemized wage statements described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action, for penalties for inaccurate payroll records, including interest thereon, applicable penalties, reasonable attorney's fees and costs of suit according to the mandate of California Labor Code §§ 226 and 2698 et seq., and Code of Civil Procedure § 1021.5.

30.  Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Plaintiff Class to recovery on the causes of action alleged herein.

31.  The Plaintiff Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS.  The Plaintiff Class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS.  This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

**FIRST CLAIM**

**Violation Of California Labor Code § 226 Regarding Record Keeping**

**(Against All Defendants By Plaintiffs)**

32.  Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 as though fully set for herein.

- 7 -
THIRD AMENDED CLASS ACTION COMPLAINT (C 10-01207 JL)

EXHIBIT A

33. DEFENDANTS failed in their affirmative obligation to keep accurate records regarding their California employees in pay periods worked by their employees. DEFENDANTS, as a matter of policy and practice, did not maintain accurate records in violation of California Labor Code § 226.

34. For example, as a matter of policy and practice, among the violations of California Labor Code § 226, DEFENDANTS failed to keep accurate records of Plaintiffs' and Class members' gross wages earned, total hours worked by the employee, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

35. As a matter of uniform policy and practice, DEFENDANTS failed in their affirmative obligation to keep accurate records regarding the wages earned in pay periods of their California employees.

36. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action, for all damages and/or penalties pursuant to California Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees and costs of suit according to the mandate of California Labor Code § 226.

37. DEFENDANTS' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs and all members of the Class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## SECOND CLAIM

### For Penalties Pursuant to California Labor Code § 2698 et seq.

### (By Plaintiffs Against All Defendants)

38. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37 as though fully set for herein.

39. Pursuant to California Labor Code § 2699(a), the members of the Class seek recovery of all applicable civil penalties for DEFENDANTS' violations of California Labor Code § 226, as required by California Labor Code § 2699.

40. Plaintiffs each are an "aggrieved employee" as that term is defined in California Labor Code § 2699 et seq. Plaintiffs have met all the notice requirements set forth in California Labor Code § 2699.3. Plaintiffs bring this action on behalf of themselves and the putative Class as defined in Paragraph 20, above, who at all times relevant were subject to DEFENDANTS' policy of failing to provide accurate wage statements in violation of California Labor Code § 226. By the conduct described above, DEFENDANTS have violated the provisions of California Labor Code § 226.

## THIRD CLAIM

### For Violations of California Business and Professions Code § 17200 et seq.

### (By Plaintiff Lopez Against All Defendants)

41. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 40 as though fully set for herein.

42. DEFENDANTS, and each of them, have engaged and continue to engage in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by failing to keep proper payroll records in violation of California Labor Code § 226 for Plaintiffs and Class members.

43. DEFENDANTS' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over DEFENDANTS' competitors.

44. Plaintiffs seek, on their own behalf, on behalf of other members of the Class similarly situated, and on behalf of the general public, full restitution of monies, as necessary and

EXHIBIT A

according to proof, to restore any and all monies withheld, acquired and/or converted by the DEFENDANTS by means of the unfair practices complained of herein.

45. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

46. Plaintiff is informed and believe and on that basis allege that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiffs, Class members and other members of the general public the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on their own behalf and on the behalf of the members of the Class and the general public, pray for judgment as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiffs as the representatives of the Class;
3. For an order appointing Counsels for Plaintiffs as Class counsels;
4. Upon the First Claim, for all damages and/or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees and injunctive relief;
5. Upon the Second Claim, for penalties according to proof as required by California Labor Code § 2699 et seq.;
6. Upon the Third Claim, for restitution to Plaintiffs, Class members and other similarly effected members of the general public of all funds unlawfully acquired by DEFENDANTS by means of any acts or practices declared by this Court to be in violation of California Business and Professions Code § 17200 et seq., for an injunction to prohibit DEFENDANTS from engaging in the unfair business practices complained of herein, for an injunction requiring DEFENDANTS to give notice to persons to whom restitution is owing of the means by which to file for restitution;
8. For reasonable attorney's fees, expenses and costs as provided by California Labor Code § 226 and California Code of Civil Procedure § 1021.5; and,

EXHIBIT A

9. For such other and further relief the Court may deem just and proper.

DATED: May 6, 2010                                LAW OFFICES OF KENNETH H. YOON

                                                  By: _____/s/_____
                                                           Kenneth H. Yoon
                                                  Attorney for Plaintiffs
                                                  ALBERT LOPEZ AND RENE POMPA

**DEMAND FOR JURY TRIAL**

Plaintiffs, for themselves and the Class, hereby demand a jury trial.

DATED: May 6, 2010                                LAW OFFICES OF KENNETH H. YOON

                                                  By: _____/s/_____
                                                           Kenneth H. Yoon
                                                  Attorney for Plaintiffs
                                                  ALBERT LOPEZ AND RENE POMPA

EXHIBIT A