UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT LOPEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 10-cv-01207-JST<br><br>**ORDER GRANTING STIPULATION; APPROVING PROPOSED ADDITIONAL POSTCARD; AND SETTING FURTHER SCHEDULE**<br><br>Re: ECF Nos. 49, 50, 61 |

On March 3, 2015, Plaintiffs moved for final approval of their class action settlement with Defendant. ECF No. 49. Plaintiffs also filed a stipulation asking the Court to approve an additional postcard notice to class members who signed severance agreements with Bank of America between September 4, 2014 and the close of the claims period. ECF No. 50. The postcard would inform those class members that, despite their severance agreements, they are entitled to participate as class members in the proposed settlement of this case. Id.

As stated at the April 23, 2015 settlement fairness hearing, the Court advised the parties that postcard notices the settlement administrator sent to class members did not include three specific items of information the Court had previously ordered the notices to include in its preliminary approval order, ECF No. 48. The parties agreed to remedy this error by sending an additional postcard notice to class members, containing the Court-ordered revisions, and to extend the claims period by thirty days.

At the fairness hearing, the Court also ordered Plaintiffs' counsel to provide further information in support of Plaintiffs' counsel's request for attorneys' fees. Specifically, the Court requested information regarding the number of hours worked by each attorney on the case, the general categories of work performed by those attorneys, and the specific tasks those attorneys performed within each category. The Court also ordered Plaintiffs' counsel to submit billing

1  records or other similar source documentation supporting the claimed fees.  Finally, the Court
2  expressed concern as to the hourly rates Plaintiffs' attorney Hart charged to the class for work
3  performed by contract attorneys, which ranged from $350 to $400 per hour.

4       On April 30, 2015, the parties filed a status report addressing the Court's concerns.  See
5  ECF No. 61.  In the report, the parties proposed a revised schedule and new final fairness hearing
6  date premised on the sending of additional postcard notice and the extended claims period.  ECF
7  No. 61.  The parties also submitted a proposed additional postcard notice containing the revisions
8  discussed at the hearing, and explained that the settlement administrator would bear the full cost of
9  the additional notice.  Id. at 2 & Ex. A.  Finally, Plaintiffs' counsel asked for clarification
10 regarding the additional information the Court would need to approve Plaintiffs' request for
11 attorneys' fees.  Id. at 1.

12      In light of the foregoing, the Court hereby orders as follows:

13      1.     The stipulation at ECF No. 50, which pertains to additional notice for class
14 members who signed severance agreements between September 4, 2014 and the end of the claims
15 period, is granted;

16      2.     The revised version of the reminder postcard, ECF No. 61, Ex. A, is approved;

17      3.     The updated implementation schedule, with modifications as shown below, is
18 approved;

| Activity | Timing of Activity | Estimated Deadline |
|---|---|---|
| Parties submit revised Reminder Postcard to Court for approval | By Court Order | 04/30/15 |
| Court approves revised Reminder Postcard | 15 days after submission | 05/15/15 |
| Deadline for Claims Administrator to mail Reminder Postcard to class members who did not submit a claim, request for exclusion, or objection | 15 days after Court approval | 05/30/15 |
| Last date for Plaintiffs to file renewed motion for attorneys' | At least 14 days | 6/15/15 |

2

| Activity | Timing of Activity | Estimated Deadline |
|---|---|---|
| fees (see Procedural Guidance for Class Action Settlements, available at http://www.cand.uscourts.gov/ClassActionSettlementGuidance) | before the deadline for objecting to the settlement | |
| Deadline for class members to submit claim, request for exclusion, or objection | Within 30 days after Reminder Postcard mailed | 06/29/15 |
| Report from Claims Administrator to Counsel for the Parties indicating proposed benefits to be paid, incomplete claims, and the deadline for submission of correct Claims Forms. | Within 30 days after close of Claims Period | 07/29/15 |
| Defendants' last day to revoke settlement based on number of requests for exclusion (see Settlement Agreement § 3.16) | 10 days after Claims Administrator notifies the Parties as to the total number of requests for exclusion | 08/07/15 |
| Parties to submit report to Court regarding final results of claims | Within 15 days after receipt of report from Claims Administrator | 08/13/15 |
| Final fairness hearing | | 08/27/15 |
| Court enters final order and judgment | | 08/27/15 |
| Effective Date of Settlement – assuming no appeals (see Settlement Agreement § 1.11) | 31 days after final approval of settlement | 09/28/15 |
| Defendants wire settlement pay-out funds to Claims Administrator (see Settlement Agreement § 3.25(c)) | 15 court days after Effective Date | 10/15/15 |
| Claims Administrator issues the following payments: (1) settlement class awards; (2) service payments to the Settlement Class Representatives; (3) Settlement Class Counsel's attorneys' fees and costs to Settlement Class Counsel; (4) costs | 30 days after Effective Date | 10/28/15 |

| Activity | Timing of Activity | Estimated Deadline |
|---|---|---|
| of administration to the Claims Administrator; (5) PAGA penalties to the Labor &Workforce Development Agency (see Settlement Agreement § 3.25(c)) | | |
| Defendants file Claims Administrator's written certification of completion of settlement administration (see Settlement Agreement § 3.25(c)) | Eight months after the first mailing date of the Settlement Class Awards by the Claims Administrator to qualified participating claimants | 06/28/16 |

4.  Plaintiffs' counsel shall submit, in support of the motion for attorneys' fees, "charts that break down, by individual attorney for whom fees are claimed, the attorney's work on this case by general category, and by specific categories of tasks performed within that category, and . . . the total number of hours worked in each category." See Dyer v. Wells Fargo Bank, N.A., 303 F.R.D. 326, 333 (N.D. Cal. 2014). Plaintiffs' counsel shall also lodge with the Clerk of the Court complete hourly billing records or similar source documentation supporting the fee request. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("[T]he fee applicant [must] document[] the appropriate hours expended and hourly rates.").

5.  Plaintiffs' counsel shall submit the same type of documentation in support of the request for reimbursement for work performed by contract attorneys. Plaintiffs' counsel may only request a reasonable hourly rate for the work that contract attorneys performed. See In re Citigroup Inc. Sec. Litig., 965 F. Supp. 2d 369, 393-99 (S.D.N.Y. 2013). The requested rate should be tailored to the particular geographic region in which the contract attorneys worked and

/ / /
/ / /
/ / /
/ / /
/ / /

the tasks that they performed.  Id.  Plaintiffs' counsel shall also lodge with the Clerk of the Court records showing the actual hourly rate paid to the contract attorneys for whom fees are claimed.

6. The final approval hearing is set for August 27, 2015 at 2:00 p.m.

IT IS SO ORDERED.

Dated:  May 6, 2015

_____
JON S. TIGAR
United States District Judge